Tottebt, J.,
delivered the opinion of the court.
This is an action of ejectment for the western half of a one thousand acre tract of land, in Obion county, granted to Edward Harris. The defendant was admitted to defend in the room and stead of the tenants in possession. The judgment was in his favor, and the plaintiff has appealed in error to this court.
At the trial, the lessors of the plaintiff showed title in themselves, to the land in dispute. Thereon, the defendant proved that he claimed to be the owner of the one thousand acre grant; and in October, 1836, leased the same to one A. Q-. Cummins, and put him in possession. The lease is in writing, and for the term of eight years. The defendant also exhibited in proof, a tax sale deed for the one thousand acre grant, executed to him by the sheriff of Obion county, 10th November, 183Y, purporting to convey an estate in fee, in virtue of a sale for the non-payment of the public tax for 1835.
*657 This deed, was proved before the county court of Obion, April Term, 1838, and registered. It was read without exception to its competency, as evidence at the trial in the circuit court, and no exception, on that ground, is taken in this court. There is much evidence tending to prove, and we think, satisfactorily, that defendant has had a continuous, adverse possession of the premises, by tenants holding under him, directly or mediately from the date of the lease to Cummins, until the institution of this suit, a period of more than seven years.
It is now argued by the counsel for the plaintiff, that the probate of the sheriff’s deed was void, for want of jurisdiction in the county court to take it; the clerk of that com't having, by statute, the exclusive jurisdiction on that subject; 1835, ch. 53, § 6. That the deed is, therefore, to be considered as not well registered, or as not registered at all. And he insists, that a deed not registered is not such an assurance of title as is contemplated by the first section of the Act of 1819, ch. 28; because, in our law, a title by deed is not considered to be perfect until it be registered; and that the registration is necessary to give notice of the extent of the tenant’s claim.
It is true that a perfect legal title will not pass by deed, until it be registered; 1715, ch. 38, § 5. This act supersedes, to a great extent, the common law conveyances, and introduces a new system. But it has been held that an unregistered deed vests in the grantee an equitable title, and something more; it vests in him an inchoate legal title, which becomes perfect by the regis. try of the deed.
The action of ejectment cannot be maintained upon an unregistered deed; for, that action, where it depends *658 upon tbe title, can. only be supported upon a pure legal title. But tbe act of limitation, 1819, cb. 28, does not require that tbe deed be registered. If tbe tenant bold under a deed or other assurance of title, purporting to convey an estate in fee, and bis possession be continuous, adverse and exclusive, for a period of seven years, be becomes thereby invested, by tbe operation of tbe statute, with a perfect legal title, except as to persons under disability. It operates both upon tbe remedy and tbe title. Tbe title of tbe tenant rests, not upon tbe registry laws, but upon tbe deed and tbe adverse possession. That is all that tbe statute requires; and it is imperative in its provisions, to tbe effect we have stated. We cannot require that tbe deed or other assurance of title be registered before tbe statute shall operate, unless we assume to interpolate a new fact into its provisions; which, of course, we have no power to do.
This statute, therefore, in tbe given case, has tbe effect to vest tbe legal title in tbe person in whose favor it may operate; and be may support or defend tbe action of ejectment, in virtue of such title, in like manner as in tbe case of a registered deed.
As to tbe notice insisted upon, tbe possession of tbe tenant is sufficient to put tbe owner of tbe land upon enquiry as to tbe nature and extent of tbe title claimed by tbe tenant in possession.
Other inferior questions have been alluded to in argument, but we are satisfied that there is no error in tbe record, and order tbe judgment to be affirmed.
Judgment affirmed.